NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NASARIO ALBA LOPEZ, | No. 19-70866 |
| Petitioner, | Agency No. A205-318-304 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Nasario Alba Lopez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The agency did not err in concluding that Lopez's proposed particular social group was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, an applicant must "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237))).

Substantial evidence supports the agency's determination that Lopez failed to establish that the harm he experienced or fears was or would be on account of a political opinion or any other protected ground. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be

free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Lopez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Lopez's contentions as to jurisdiction over his removal proceedings under *Pereira v. Sessions*, ⸺ U.S. ⸺, 138 S. Ct. 2105 (2018), fail under *Aguilar-Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**